EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff

and

**Daniel Mayo, Plaintiff–Intervenor**

v.

**DCP MIDSTREAM, L.P., formerly
known as Duke Energy Field
Services, L.P., Defendant.**

Civil No. 07–167–P–H.

United States District Court,
D. Maine.

May 4, 2009.

Markus L. Penzel, Equal Employment Opportunity Commission, John F. Kennedy, Boston, MA, for Plaintiff.

Peter L. Thompson, Allan K. Townsend, Peter L. Thompson & Associates, Portland, ME, for Plaintiff–Intervenor.

Gene R. Libby, Timothy J. O'Brien, Libby O'Brien Kingsley, LLC, Kennebunk, ME, for Defendants.

**JUDGMENT FOR INJUNCTIVE
RELIEF**

D. BROCK HORNBY, District Judge.

The Equal Employment Opportunity Commission ("EEOC") brought this action against Defendant DCP Midstream, LP, ("DCP Midstream") on September 20, 2007, pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and Title I of the Civil Rights Act of 1991 (the "Civil Rights Act"). The EEOC alleged that Daniel Mayo ("Mayo") was discriminated against on the basis of his race and terminated in retaliation for complaining about a racially hostile work environment.

A jury entered a verdict in favor of EEOC and Mayo on February 2, 2009, on the retaliation claim.

Pursuant to Section 706(g)(1) of Title VII, as amended, 42 U.S.C. § 2000e–5(g)(1), EEOC and Mayo moved for injunctive relief.

The Court finds injunctive relief appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED as follows:

### INJUNCTION

1. Defendant and its managers, officers, agents, successors, and assigns, are ENJOINED from engaging in retaliation against any individual for engaging in protected activity under Title VII. Defendant and its agents are FURTHER ENJOINED from taking any retaliatory action against any individual for participating in this matter in any way or giving testimony in this matter, including, but not limited to, Mayo and other witnesses in this case.

### DISTRIBUTION OF POLICIES AND PROCEDURES PROHIBITING RETALIATION

2. Within fourteen days after the entry of this Judgment for Injunctive relief, Defendant must send a letter to all of its employees at each of its Northeast Propane Terminals, advising them of the verdict against Defendant in this case on the issue of retaliation, enclosing a copy of Defendant's policy prohibiting retaliation against individuals who engage in protected activity under Title VII, and stating that Defendant will not tolerate any such retaliation and will take appropriate disciplinary action against any manager, supervisor or employee who engages in such retaliation. The letter must be printed on Defendant's letterhead and must be signed by Defendant's Chief Executive Officer. A copy of the letter is attached hereto as Exhibit "A."

### POSTING AND NOTICES

3. Within fourteen days after the entry of this Judgment for Injunctive Relief, Defendant must post at each of its Northeast Propane Terminals a copy of the remedial notice attached hereto as Exhibit "B." The notice must remain posted for the duration of this Judgment for Injunctive Relief.

### TRAINING

4. a. Defendant must conduct a one hour training session for all employees of its Northeast Propane Terminals (including any associated Human Resource managers) on the requirements of Title VII's prohibitions against retaliating against anyone who engages in protected activity. The training must be completed within 60 days of the entry of this Judgment for Injunctive Relief. The training must also be provided to all new employees within 60 days of their hire or promotion into a Northeast Propane Terminal. Defendant must maintain attendance sheets identifying each person who attended each training session, and must forward a copy of the attendance sheets to EEOC within seven days of each training session.

b. Defendant must provide EEOC with the written materials and outline of the training within seven days of the first training session, and every training session thereafter if any changes are made to the materials or outline.

### DANIEL MAYO'S PERSONNEL FILE AND INFORMATION

5. Defendant must expunge from Daniel Mayo's personnel record all documents relating to his termination and place in his file a letter stating that his discharge was motivated by Defendant's effort to retaliate against him for engaging in legally protected activity. If asked by a prospective employer for information or a reference concerning Daniel Mayo, Defendant

must provide only the dates of his employment and last position held.

### MONITORING

6. The EEOC has the right to monitor and review compliance with this Judgment for Injunctive Relief. Accordingly:

a. Every six months for the duration of this Judgment for Injunctive Relief, and one month before the end of the final year of the Judgment for Injunctive Relief, Defendant must submit written proof via affidavit to the EEOC that it has complied with each of the requirements set forth above. Such proof must include, but need not be limited to, an affidavit by a person with knowledge establishing the completion of training; and an affidavit by a person with knowledge that the required posting was posted in the terminals and that the letter to employees was sent, together with a copy of Defendant's policies prohibiting retaliation.

b. For the duration of this Judgment for Injunctive Relief, Defendant must create and maintain such records as are necessary to demonstrate compliance with this Judgment for Injunctive Relief and 29 C.F.R. § 1602 et seq., and must verify that the reports submitted pursuant to this Judgment Regarding Injunctive Relief are accurate.

c. The EEOC has the right to: (1) attend training sessions required by this Judgment for Injunctive Relief, (2) review any and all documents relevant to the relief provided in this Judgment for Injunctive Relief; (3) interview employees, managers, supervisors and contractors, and (4) inspect the premises of the Northeast Propane Terminals solely for the purpose of verifying that the notice required by paragraph 3 has been posted. The EEOC shall provide Defendant forty-eight (48) hours advance notice prior to undertaking any action pursuant to this paragraph.

d. Any report or notification to the EEOC required under this Judgment for Injunctive Relief must be made by overnight or certified mail to Markus L. Penzel, Esq., EEOC, JFK Federal Bldg., Room 475, Boston, MA 02203.

### SUCCESSORS

7. This Judgment for Injunctive Relief is binding upon Defendant's purchasers, successors, and assigns. Before executing an agreement to sell, assign, consolidate or merge with the Defendant, Defendant must provide the entity entering into such agreement with notice of this Judgment for Injunctive Relief. Defendant must provide written notice to EEOC thirty days, or if thirty days is not possible, then as soon as practicable, prior to any assignment, succession, acquisition, merger, or consolidation affecting Defendant.

### TERM OF JUDGMENT FOR INJUNCTIVE RELIEF

8. This Judgment for Injunctive Relief will remain in effect for two years from the date of entry.

SO ORDERED, ADJUDGED AND DECREED.

### *Exhibit A*

[DCP Midstream Letterhead]

Dear [insert name of employee]:

This letter is being sent to you as a result of a court order in a lawsuit brought by the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) against DCP Midstream in the United States District Court for the District of Maine, Civil Action No. 2:07–cv–167.

On February 2, 2009, a jury in Portland, Maine, found that DCP Midstream violated federal law by retaliating against a former employee, Daniel Mayo, because he complained about conduct that he thought was discriminatory on the basis of his race, African–American. The jury awarded Mr. Mayo $35,000 in compensatory damages

for his emotional distress and the Court awarded Mr. Mayo $52,250 for backpay.

Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, age, disability, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. DCP Midstream will not tolerate any such retaliation and will take appropriate disciplinary action against any manager, supervisor or employee who engages in such retaliation.

I enclose a copy of DCP Midstream's policy prohibiting retaliation.

Sincerely,

[signature of DCP Midstream CEO]

### Exhibit B
### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Boston Area Office

John F. Kennedy Federal Building

Government Center, Room 475

Boston, MA 02203–0506

Intake Information Group: (800) 669–4000

Intake Information Group TTY: (800) 669–6820

Boston States Line: (866) 408–8075

Boston Direct Dial: (617) 565–4805

TTY: (617) 565–3204

FAX: (617) 565–3196

*NOTICE*

1. This *NOTICE* to all employees of DCP Midsteam's Northeast Propane Terminals is being posted and provided as part of a Judgment ordered as the result of a jury verdict in a lawsuit brought by the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) against DCP Midstream in the U.S. District Court for the District of Maine, Civil Action No. 2:07–cv–167.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, age, disability, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

3. DCP Midstream must comply with such Federal law in all aspects, and it must not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the U.S, Equal Employment Opportunity Commission or by otherwise opposing employment practices's made unlawful under federal law.

4. On February 2, 2009, the jury found that DCP Midstream violated federal law by retaliating against a former employee, Daniel Mayo, because he complained about the conduct that he thought was discriminatory on the basis of his race, African American. The jury awarded Mr. Mayo $35,000 in compensatory damages for his emotional distress, and the Court awarded Mr. Mayo $52,520 for backpay.

5. The Court has also entered a Judgment for Injunctive Relief that:

a. enjoins DCP Midstream from engaging in retaliation against any individual for asserting her or his rights under Title VII, which prohib-

its discrimination on the basis of race, color, sex, national origin, and religion, and enjoining DCP Midstream from taking any retaliatory action against any individual for participating in the lawsuit in any way or giving testimony in the lawsuit;

b. requires DCP Midstream to send a letter to all employees of DCP Midstream's Northeastern Propane Terminals regarding the verdict and enclosing a copy of DCP Midstream's policies prohibiting retaliation against individuals who engage in protected activity under federal law, and to post this notice;

c. requires DCP Midstream to provide training to all management and supervisory employees (including any associated Human Resource managers) and all non-management employees of their Northeast Propane Terminals on the requirements of Title VII's prohibitions against retaliating against anyone who engages in protected activity;

d. requires DCP Midstream to expunge from Mr. Mayo's personnel record all documents relating to his termination and place in his file a letter stating that his discharge was motivated by DCP Midstream's effort to retaliate against him for engaging in legally protected activity.

e. requires DCP Midstream to permit EEOC to monitor DCP's compliance with the Judgment for Injunctive Relief.

6. The Equal Employment Opportunity commission maintains offices throughout the United States, and has a website, http://www.eeoc.gov that will give you information about federal laws prohibiting employment discrimination and retaliation, EEOC's toll-free telephone number is 1–800–669–4000. You should feel to contact EEOC if you have a complaint of discrimination, harassment or retaliation.

5. This *NOTICE* must remain posted until *2 YEARS FROM DATE OF ENTRY OF JUDGMENT.*

**DO NOT REMOVE, COVER OR DEFACE THIS LEGAL NOTICE**